NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                                    :
NEW JERSEY PROTECTION                   :
& ADVOCACY, INC.,                              :
                                                    :          Civil Action No. 08-1858 (AET)
                      Plaintiff,                  :
                                                    :
          v.                                        :          MEMORANDUM & ORDER
                                                    :
JENNIFER VELEZ, *in her official capacity* :
*as Commissioner of the New Jersey*       :
*Department of Human Services*,              :
                                                    :
                      Defendant.                :
_____:

THOMPSON, U.S.D.J.

        This matter comes before the Court on behalf of Defendant Jennifer Velez's Motion for a

More Definite Statement, and Motion to Strike [10].  The Court has decided this motion based

upon the submissions of the parties, without oral argument, pursuant to Fed. R. Civ. P. 78.  For

the reasons stated below, Defendant's motion is granted.

BACKGROUND

        Plaintiff New Jersey Protection & Advocacy, Inc., ("NJPA") is a non-profit agency

designated to act as New Jersey's protection and advocacy agency for persons with disabilities.

Defendant Jennifer Velez is the Commissioner of the New Jersey Department of Human

Services.  On April 16, 2008, Plaintiff filed a Complaint seeking declaratory and injunctive relief

on behalf of disabled individuals who have allegedly requested, but not received, home and

community-based services from Defendant.   Plaintiff asserts that instead of receiving services for which they are eligible, these individuals are placed on a "wait-list."  Therefore, Plaintiff argues that Defendant's practice of "wait-listing" eligible citizens is not a legally acceptable substitute for providing services in the least restrictive setting that the State of New Jersey is required to provide under federal law.

In its Complaint, Plaintiff includes descriptions of six individuals, identified only by their initials, as persons who have been placed on the waiver wait-list.  On May 28, 2008, Defendant filed a Motion for a More Definite Statement, seeking to compel Plaintiff to disclose the full identity of these six individuals.  Further, Defendant also moves to strike portions of Plaintiff's Complaint as immaterial, impertinent, and prejudicial.

DISCUSSION

A.      Defendant's Motion for a More Definite Statement

Under Fed. R. Civ. P. 12(e), a Motion for a More Definite Statement is proper when the pleading is "so vague and ambiguous that a party cannot reasonably be required to frame a responsible pleading."  Defendant argues that because Plaintiff only used the initials of the six individuals listed in the Complaint, it is unable to form a responsive pleading based solely on vague and ambiguous identifications.

In its Brief, Plaintiff argues that it does not have to release the identities of the six individuals, identified only by their initials, due to unidentified  "legal and ethical obligations." Further, Plaintiff maintains that it would agree to disclose the names of the individuals if Defendant signs an agreement to maintain their confidentiality.

However, Defendant is already required by law to maintain confidential information of

persons served by the relevant State agencies.  Specifically, the Department of Human Services

and its commissioner, Defendant Velez, are required to keep confidential all Protected Health

Information pursuant to the provisions of the Health Insurance Portability and Accountability Act

("HIPAA"), 42 U.S.C. § 1320(d) et seq., and its underlying regulations.  See 45 C.F.R.§§ 160,

164.  Additionally, Plaintiff alleges that the six identified individuals in the Complaint are either

applicants for, or recipients of, Medicaid waiver services.  Pursuant to N.J. Stat. Ann. § 10:49-

9.7, Defendant must keep confidential "[a]ll information concerning applicants and beneficiaries

acquired under [Medicaid]."  Moreover, no information may be released by Defendant without

the written consent of the applicant or beneficiary.  Id.

Plaintiff also argues that it does not have to disclose the identities of the six individuals,

because the suit is actually brought on behalf of all individuals on the waiting list, not just the six

individuals identified in the Complaint.  However, Plaintiff has not been granted class action

status by this Court for all individuals alleged to be on the waiting list.

Without knowing the identities of the six identified individuals in the Complaint,

Defendant cannot reasonably respond or defend against the allegations brought forth by Plaintiff.

Specifically, Defendant would be unable to know whether those individuals are, in fact, on the

waiting list, whether they are Medicaid eligible, and whether they are receiving community

support services which they say they were denied.  Therefore, Defendant's Motion for a More

Definite Statement is granted.

B.    Defendant's Motion to Strike Portions of Plaintiff's Complaint

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from

any pleading, any insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter."  Defendant argues that portions of paragraphs 12, 17, and "C" of Plaintiff's Complaint,

should be stricken because they are immaterial, impertinent, and prejudicial.  Specifically,

Defendant seeks to strike (1) Plaintiff's references to unrelated lawsuits that it previously

initiated against Defendant, (2) any assertions made by the non-disabled parents of the

individuals listed in the Complaint, and (3) any allegation asserted by the New Jersey

Association of Community Providers, the American Association on Intellectual and

Developmental Disabilities, and the Alliance for the Betterment of Citizens with Disabilities (the

"Interested Parties") in Part "C" of the Complaint.

      Defendant argues that the references in the Complaint to separate lawsuits that have been

previously initiated by Plaintiff against Defendant are impertinent, immaterial and prejudicial,

and should be stricken.  The Court agrees.  Whether Plaintiff previously filed suit against

Defendant in separate disputed actions, involving different controversies, has no bearing on the

issues raised by Plaintiff in this case.  Plaintiff's references to these suits are prejudicial to

Defendant in that they imply a pattern and practice of Defendant violating federal laws with

regard to disabled individuals.  Accordingly, pursuant to Fed. R. Civ. P. 12(f), Defendant's

motion to strike references in the Complaint to prior litigation between the parties is granted.

      Additionally, Defendant seeks to strike any references to personal grievances asserted by

the parents of disabled individuals.  Plaintiff contends that the personal grievances asserted by

the parents of disabled individuals are relevant to its claim that the Home and Community Based

Waiver Services, violates Title II of the ADA; Section 504 of the Rehabilitation Act; and §

1396a(a)(8) and 1396n(c)(2)(c) and (d)(2)(c) of the Medicaid Act.  However, the parents of the

disabled individuals are not parties to this action, and any alleged injuries sustained by them,

have no relation to Plaintiff's legal claims.   Therefore, Defendant's motion to strike remarks made by parents of the disabled individuals in the Complaint is granted.

Lastly, Defendant seeks to strike any statements made by the "Interested Parties" in paragraph "C" of the Complaint.  Plaintiff argues that the declarations and certifications provided by the Interested Parties are relevant to this matter because they demonstrate their support for Plaintiff's lawsuit by "convey[ing] the true impact of Defendant's actions on their constituents who remain on the wait-list."  (Pl.'s Opp'n Br. 15.)  Defendant argues that the thoughts and views of the Interested Parties regarding the waiver wait-list do not provide a basis for Plaintiff's allegations and do not lend assistance in explaining how or why the cited federal statutes in the Complaint were violated.  The Court agrees.  The Interested Parties listed in paragraph "C" of the Complaint are not parties to the action, and whether a non-party organization supports Plaintiff in bringing this complaint is irrelevant.  Therefore, Defendant's Motion to Strike the statements made by the Interested Parties in paragraph "C" of the Complaint and the attached declarations, is granted.

CONCLUSION

Therefore, for the above reasons, and for good cause shown,

IT IS on this 26th day of August 2008,

ORDERED that Defendant Jennifer Velez's Motion for a More Definite Statement [10] is GRANTED; and it is further

ORDERED that Plaintiff New Jersey Protection & Advocacy, Inc., must provide the identities of the six individuals described in paragraph seventeen (17) of its Complaint; and it is further

ORDERED that Defendant Jennifer Velez's Motion to Strike Portions of Plaintiff's Complaint [10] is GRANTED; and it is further

ORDERED that Plaintiff New Jersey Protection & Advocacy, Inc., shall have thirty (30) days from the date of this Order to submit an Amended Complaint; and it is further

ORDERED that Defendant Jennifer Velez shall have twenty (20) days from receipt of the Amended Complaint to submit an Answer or Responsive Pleading.


                s/ Anne E. Thompson
              ANNE E. THOMPSON, U.S.D.J.